# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

TEMPLE UNIVERSITY HEALTH SYSYTEMS , INC.;  TEMPLE UNIVERSITY HOSPITAL; TEMPLE UNIVERSITY HOSPITAL EPISCOPAL CAMPUS

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:

**JURY DEMAND:**       ☐ Yes    ☐No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

***RELATED CASE, IF ANY:***

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        Yes ☐        No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        Yes ☐        No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?        Yes ☐        No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?        Yes ☐        No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
                                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| | |
|---|---|
| ***A.*** *Federal Question Cases:* | ***B.*** *Diversity Jurisdiction Cases:* |

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify): _____*

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify): _____*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CONNIE GREEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| TEMPLE UNIVERSITY HEALTH SYSTEM, INC. | : | |
| TEMPLE UNIVERSITYHOSPITAL | : | |
| TEMPLE UNIVERSITY HOSPITAL EPISCOPAL | : | NO. |
| CAMPUS | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( X )

| | | |
|---|---|---|
| 9/14/2020 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 701-2344 | kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CONNIE GREEN**<br>Philadelphia, PA 19143 | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **TEMPLE UNIVERSITY HEALTH**<br>**SYSTEM, Inc.** | : |
| 3509 N. Broad Street | : |
| Boyer Pavillion, 9th Floor | : |
| Philadelphia, PA 19140 | : |
| | : |
| and | : |
| | : |
| **TEMPLE UNIVERSITY HOSPITAL** | : |
| 3401 N. Broad Street | : |
| Philadelphia, PA 19140 | : |
| | : |
| and | : |
| | : |
| **TEMPLE UNIVERSITY HOSPITAL**<br>**EPISCOPAL CAMPUS** | : |
| 100 East Lehigh Avenue | : |
| Philadelphia, PA 19125 | : |
| | : |
| Defendants s. | : |
| | : |

**CIVIL ACTION NO.**
**JURY TRIAL DEMANDED**

## <u>COMPLAINT</u>

## I.   <u>INTRODUCTION</u>

Plaintiff, Connie Green ("Plaintiff"), brings this action against her former employers, Temple University Health System, Inc., Temple University Hospital, and Temple University Hospital Episcopal Campus (collectively, "Defendants"). Defendants discriminated against Plaintiff based on her disability (including end-stage renal disease) and race (Black) and retaliated against Plaintiff based on her complaints of discrimination. Defendants' discriminatory and

retaliatory conduct includes, but is not limited to, subjecting Plaintiff to a hostile work environment, suspending Plaintiff, denying Plaintiff's request for a reasonable accommodation, and terminating Plaintiff's employment for false and pretextual reasons. Additionally, Defendants violated Plaintiff's rights under the Family Medical Leave Act by terminating Plaintiff with knowledge of her intent to exercise those rights, in order to deny her those benefits.

Defendants' conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"), the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), the Family Medical Leave Act, as amended, 29 U.S.C. §2601, *et seq.* ("FMLA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 *et seq.* ("PHRA") and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, *et seq.* ("PFPO"). Plaintiff seeks all damages allowable under the law.

## II.   **PARTIES**

1.      Plaintiff is an individual and a citizen of the Commonwealth of Pennsylvania.

2.      Plaintiff is African American.

3.      At all relevant times, Plaintiff, who suffers from end-stage renal disease, was "disabled" in that she suffered from an impairment, which substantially limited one or more of her major life activities, had a record of impairment and/or was regarded as having such impairment.

4.      Defendant Temple University Health System, Inc., is a corporation formed under the laws of the State of Pennsylvania with its principal place of business located in Philadelphia, Pennsylvania.

5.      Defendant Temple University Hospital, is a corporation formed under the laws of the State of Pennsylvania with its principal place of business located in Philadelphia, Pennsylvania.

2

6.      Defendant Temple University Hospital Episcopal Campus, is a corporation formed under the laws of the State of Pennsylvania with its principal place of business located in Philadelphia, Pennsylvania.

7.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania, including without limitation, within and throughout the City of Philadelphia.

8.      At all times material hereto, Plaintiff was employed by Defendants to work at facilities located in the City of Philadelphia.

9.      At all times material hereto, Defendants employed more than fifty (50) people within a seventy-five (75) mile radius of Plaintiff's workplace.

10.      At all times material hereto, Plaintiff was employed by Defendants for at least one year and for at least twelve hundred fifty (1,250) hours of service during the preceding year.

11.      At all times material hereto, Defendants employed four (4) or more individuals in the Commonwealth of Pennsylvania.

12.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

13.      At all times material hereto, Defendants acted as "Employers" within the meaning of the statutes that form the bases of this matter.

14.      At all times material hereto, Plaintiff was an "Employee" of Defendants within the meaning of the statutes that form the bases of this matter.

III.    **JURISDICTION AND VENUE**

15.      The causes of action that form the bases of this matter arise under Title VII, Section

3

1981, the ADA, the FMLA, the PHRA, and the PFPO.

16.     The District Court has jurisdiction over Count I (Title VII) and Count II (Section 1981) pursuant to 28 U.S.C. §1331.

17.     The District Court has jurisdiction over Count III (ADA) pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1331.

18.     The District Court has jurisdiction over Count IV (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

19.     The District Court has supplemental jurisdiction over Count V (PHRA) and Count VI (PFPO) pursuant to 28 U.S.C. §1367.

20.     Venue is proper in this District Court under 28 U.S.C. § 1391(b).

21.     On January 16, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination and retaliation alleged herein (the "Complaint"). The Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit A is a true and correct copy of the Complaint (with personal identifying information redacted).

22.     On or about June 17, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue for the Complaint (the "Notice"). Attached hereto, incorporated herein, and marked as Exhibit B is a true and correct copy of the Notice (with personal identifying information redacted).

23.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.   **FACTUAL ALLEGATIONS**

24.   In or about 2014,[1] Plaintiff was hired by Defendants as an Assistant Nurse Manager.

25.   During her tenure with Defendants, Plaintiff worked at various locations within Philadelphia, Pennsylvania.

26.   In or about 2015, Plaintiff informed Defendants that she was suffering from a disability (including end-stage renal disease) and receiving treatment for the same.

27.   Plaintiff informed her then-supervisor, Barbara Gennello ("Gennello"), and the Human Resources department of her disability and need for treatment.

28.   Prior to informing Defendants of her disability, Plaintiff had not been written up, issued a performance improvement plan, or placed on probation.

29.   Plaintiff routinely received positive performance feedback.

30.   At all times, Plaintiff performed her job duties in a highly competent manner.

31.   After Gennello became aware of Plaintiff's disability, she treated Plaintiff differently and worse than the other employees she supervised.

32.   To Plaintiff's knowledge, none of the employees that Gennello supervised suffered from a disability.

33.   In or about late 2016, Plaintiff submitted a written complaint to Defendants' Human Resources department, stating that she believed that Gennello was discriminating against her because of her disability.

34.   In response to her complaint of disability discrimination, Defendants told Plaintiff that they investigated her complaint but concluded that she had not been discriminated against.

---

[1] All dates contained herein are approximations.

5

35.     Plaintiff is not aware of any such investigation, nor was Plaintiff ever interviewed as part of any potential investigation.

36.     Defendants also told Plaintiff, in response to her complaint of disability discrimination, that Plaintiff had been 'too emotional' in response to Gennello's harassment.

37.     Defendants  even recommended that Plaintiff attend counseling due to her reaction to the unlawful harassment.

38.     Defendants failed to take appropriate preventative corrective, remedial, or disciplinary action as a result of Plaintiff's complaint.

39.     Following Plaintiff's complaint, Gennello continued to harass Plaintiff as a result of her disability.

40.     In or about September 2017, Defendants issued Plaintiff an unfounded write up.

41.     Defendants' stated reasons for the write up were attendance and performance issues.

42.     Defendants' stated reasons for the write up were false and a pretext for discrimination and retaliation.

43.     Defendants were aware that Plaintiff's attendance was related to her disability.

44.     Defendants' criticism of Plaintiff's performance, which was vague and highly subjective, was also without legitimate basis.

45.     In or about September 2017, as a result of the harassment that Defendants subjected Plaintiff to, including the unfounded write up, Plaintiff initiated a medical leave of absence.

46.     While out on medical leave, Plaintiff requested a reasonable accommodation in connection with her disability, to be implemented upon her return to work.

6

47.     Specifically, Plaintiff requested to be allowed to work the 9:00 a.m. - 5:30 p.m. shift, instead of the 7:00 a.m. - 3:30 p.m. shift, as the symptoms associated with her disability were more severe in the early morning.

48.     Plaintiff provided Defendants with notes from two different doctors in support of her request for reasonable accommodation.

49.     Defendants denied Plaintiff's request for reasonable accommodation.

50.     Defendants did not provide Plaintiff with a legitimate explanation as to why her reasonable request was denied.

51.     In or about January 2018, Plaintiff returned from medical leave.

52.     On Plaintiff's first day back from medical leave, she was placed on a 90-day probation.

53.     Defendants' stated reasons for placing Plaintiff on probation were attendance and performance issues.

54.     Defendants' stated reasons for placing Plaintiff on probation were false and a pretext for discrimination and retaliation.

55.     Defendants were aware that Plaintiff's attendance was related to her health issues, and that her need to call out as a result of her health issues would increase due to Defendants denying her request for reasonable accommodation.

56.     The criticism of Plaintiff's performance, which was vague and highly subjective, was also without legitimate basis.

57.     Plaintiff was made aware of the fact that she was being placed on probation verbally.

58.     Despite Plaintiff's repeated requests, Defendants failed to provide Plaintiff with documentation of the probation, or any documentation justifying the probation.

59.     In or about March 2018, Plaintiff was informed that Jeanine Penn ("Penn") would soon become her direct supervisor, replacing Gennello.

60.     On or about March 13, 2018, Plaintiff sent an e-mail to Human Resources, notifying them that Penn was involved in a prior discrimination lawsuit that Plaintiff had pursued against a different employer.

61.     In her e-mail to Human Resources, Plaintiff expressed her concerns of potential retaliation by Penn.

62.     In Plaintiff's prior lawsuit, which alleged race discrimination, Penn was referenced in the federal court complaint and had her deposition taken as part of that lawsuit.

63.     On or about March 23, 2018, Plaintiff met with Human Resources to further explain her concerns about Penn becoming her supervisor.

64.     During that March 23rd meeting, Plaintiff specifically complained that she was concerned that Penn might further discriminate against Plaintiff and/or retaliate against Plaintiff as a result of the prior lawsuit.

65.     On or about March 29, 2018, Plaintiff sent another e-mail to Human Resources, reiterating her concerns about potential discrimination and/or retaliation by Penn.

66.     Plaintiff invited Defendants to contact her if they needed more information regarding the same.

67.     Plaintiff is unaware of Defendants taking any preventative, corrective, or other measures in order to ensure that Penn did not discriminate or retaliate against her.

68.     In or about April 2018, shortly after Plaintiff raised concerns about Penn potentially discriminating and/or retaliating against her, Plaintiff was informed that her probation would be extended and that she would be suspended for one (1) day.

69.     Defendants told Plaintiff that she had met all of the performance goals of the probation.

70.     Nevertheless, Defendants told Plaintiff that her probation was being extended and Plaintiff was being suspended because of alleged attendance concerns.

71.     Defendants' stated reason for extending the probation and suspending Plaintiff is false and pretextual.

72.     Defendants were aware that Plaintiff's attendance was related to her health issues.

73.     Moreover, Plaintiff's health issues and her need to call out for the same were exacerbated by Defendants' failure to provide Plaintiff with a reasonable accommodation in connection with her disability.

74.     In or about June 2018, Plaintiff was issued a negative annual performance review.

75.     This was the worst performance review that Plaintiff had received during her employment with Defendants.

76.     The review criticized Plaintiff for attendance issues, which Defendants knew were related to her disability and Defendants' failure to provide her with a reasonable accommodation.

77.     Plaintiff expressed her written disagreement to the performance review and reminded Defendants that her attendance was related to her health issues.

78.     As a result of the negative annual performance review, Plaintiff did not receive a salary raise.

79.     To Plaintiff's knowledge, other non-disabled, non-Black, and/or non-complaining managers received raises.

80.     On or about October 9, 2018, in the early morning (prior to Plaintiff's shift that day), Plaintiff e-mailed Penn and another night shift supervisor indicating that she would not be able to attend her shift that day due to her disability.

81.     The same day, Defendants terminated Plaintiff's employment, effective immediately.

82.     Defendants terminated Plaintiff after she called out on October 9, 2018, without any further discussion or accommodation.

83.     Defendants' stated reason for terminating Plaintiff was that she violated the attendance policy by missing that one day of work as a result of her disability.

84.     Defendants' stated reason is false and pretext for discrimination and retaliation.

85.     Plaintiff subsequently learned from her co-workers that her supervisors (including Penn) announced to them that same day (October 9, 2018) that Plaintiff had been terminated and that if she reported work, they were to call security immediately.

86.     Defendants failed to engage in an interactive process.

87.     Defendants  terminated Plaintiff for needing a day off work because of her disability.

88.     Defendants failed to properly investigate or remedy Plaintiff's concerns of discrimination and/or retaliation.

89.     Defendants retaliated against Plaintiff as a result of her protected activity.

90.     Plaintiff at all relevant times suffered from a serious health condition.

91.    Defendants retaliated against Plaintiff as a result of her exercising her rights under the FMLA.

92.    Defendants terminated Plaintiff with knowledge and notice at the time that Plaintiff would be exercising FMLA rights in the near future, in order to deny those benefits.

93.    Plaintiff was terminated for a false and pretextual stated reason as a result of her disability, her race, her complaints of discrimination, her need for FMLA leave, and her request for a reasonable accommodation, after over four (4) years of loyal and dedicated service.

94.    Defendants have failed to provide Plaintiff with a legitimate, non-discriminatory explanation for writing her up, placing her on probation, suspending her, denying her request for a reasonable accommodation, subjecting her to a hostile work environment, and terminating her employment.

95.    As a direct and proximate result of Defendants' discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – TITLE VII

96.    Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

97.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

98.    Said violations were done with malice and/or reckless indifference to Plaintiff's protected rights and warrant the imposition of punitive damages.

99.   As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

100.   Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

101.   No previous application has been made for the relief requested herein.

## <u>COUNT II – SECTION 1981</u>

102.   Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

103.   By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Section 1981.

104.   Said violations were done with malice and/or reckless indifference to Plaintiff's protected rights and warrant the imposition of punitive damages.

105.   As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

106.   Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

107.   No previous application has been made for the relief requested herein.

## <u>COUNT III – ADA</u>

108.   Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

109.   By committing the foregoing acts of discrimination and retaliation against Plaintiff, including, without limitation, failing to provide Plaintiff a reasonable accommodation for her disability and failing to engage in the interactive process regarding the same, Defendants have violated the ADA.

110.   Defendants acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and their conduct warrants the imposition of punitive damages.

111.   As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

112.   Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

113.   No previous application has been made for the relief requested herein.

## COUNT IV – FMLA

114.   Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

115.   By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated FMLA.

116.   As a result of Defendants retaliating against Plaintiff for exercising her FMLA rights, Defendants violated the FMLA.

117.   Plaintiff's exercise of her FMLA rights, including notice of her intent to exercise such rights in the near future, was considered as a negative factor, and was a motivating and determinative factor in Defendants' conduct towards Plaintiff, including its decision to terminate Plaintiff.

13

118.   Said violations were not in good faith, and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA. Defendants' violations of the FMLA warrant the imposition of liquidated damages.

119.   As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

120.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA unless this Court grants the relief requested herein.

121.   No previous application has been made for the relief requested herein.

## COUNT V – PHRA

122.   Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

123.   By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PHRA.

124.   As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

125.   Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

126.   No previous application has been made for the relief requested herein.

## COUNT VI – PFPO

127.   Plaintiff incorporates by reference the above paragraphs, as if set forth herein in their entirety.

128.   By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PFPO.

129.   Said violations were done with malice and/or reckless indifference to Plaintiff's protected rights, and Defendants' conduct was especially egregious, warranting the imposition of punitive damages.

130.   As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

131.   Plaintiff suffered and may continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

132.   No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically, prays that the Court grant the following relief to Plaintiff by:

a.   Declaring the acts and practices complained of herein to be in violation of Title VII;

b.   Declaring the acts and practices complained of herein to be in violation of Section 1981;

c.   Declaring the acts and practices complained of herein to be in violation of the ADA;

d.   Declaring the acts and practices complained of herein to be in violation of the FMLA;

e.   Declaring the acts and practices complained of herein to be in violation of the PHRA;

f.   Declaring the acts and practices complained of herein to be in violation of the PFPO;

g.   Enjoining and permanently restraining the violations of the alleged herein;

15

h.  Entering judgment against the Defendants and in favor of Plaintiff in an amount to be determined;

i.  Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, which Plaintiff has a suffered as a result of Defendants' improper conduct;

j.  Awarding compensatory damages to Plaintiff for past pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered as a result of Defendants' unlawful conduct;

k.  Awarding punitive damages to Plaintiff;

l.  Awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, the ADA, the FMLA, the PHRA, and the PFPO; and

m.  Granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for violations and preventing future violations.

                                   **CONSOLE MATTIACCI LAW, LLC**

                                   By: _/s/ Kevin Console_
                                   Stephen G. Console, Esq.
                                   Kevin Console, Esq.
                                   Anna D. Norman, Esq.
                                   1525 Locust Street, 9th Floor
                                   Philadelphia, PA 19102
                                   (215) 545-7676

Dated: September 14, 2020          _Attorneys for Plaintiff, Connie Green_

# EXHIBIT A

Received

JAN 1 6 2019

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT,                          :
                                      :
**CONNIE GREEN**                      :         PHRC Docket No. _____
                                      :
v.                                    :         EEOC Docket No. _____
                                      :
RESPONDENTS,                          :
                                      :
**TEMPLE UINIVERSITY**                :
**HEALTH SYSTEM, INC.**               :
                                      :
        and                           :
                                      :
**TEMPLE UNIVERSITY HOSPITAL**        :
                                      :
        and                           :
                                      :
**TEMPLE UNIVERSITY HOSPITAL**        :
**EPISCOPAL CAMPUS**                  :

   **1.**   The Complainant herein is:

Connie Green

REDACTED

   **2.**   The Respondents herein are:

Temple University Health System, Inc.
3509 N. Broad Street
Boyer Pavilion, 9th Floor
Philadelphia, PA 19140
(215) 707-2000

Temple University Hospital
3401 N. Broad Street
Philadelphia, PA 19140
(215) 707-2000

Temple University Hospital – Episcopal Campus
100 East Lehigh Avenue
Philadelphia, PA 19125
(215) 707-1200

I, Connie Green, the Complainant herein, allege that Respondents, Temple University Health System, Inc., Temple University Hospital and Temple University Hospital Episcopal Campus (collectively referred to herein as "Respondent") discriminated against me based on my disability and my race (black), and retaliated against me as a result of my complaints of discrimination and my requests for reasonable accommodation. Respondent's discriminatory and retaliatory conduct includes, but is not limited to, subjecting me to a hostile work environment (including issuing me unfounded performance criticism and placing me on probation without legitimate basis), suspending me without legitimate basis, denying my request for a reasonable accommodation without legitimate basis, and terminating my employment for false and pretextual reasons. Evidence of discriminatory and retaliatory conduct includes, but is not limited to, the following:

## Discrimination and Retaliation

**A. I specifically allege:**

**[1]**    In 2014,[1] I was hired by Respondent as an Assistant Nurse Manager, working in Philadelphia, PA.

**[2]**    In 2015, I informed Respondent that I was suffering from a disability (including end-stage renal disease) and receiving treatment for the same.

**[3]**    I informed my then-supervisor, Barbara Gennello ("Gennello"), and the human resources department of my disability and need for treatment.

**[4]**    Prior to informing Respondent of my disability, I had not been written up, issued a performance improvement plan, placed on probation or informed that my performance was in any way unacceptable; rather, I had received positive performance feedback.

---

[1] All dates contained herein are approximations.

**[5]**       At all times, I performed my job duties in a highly competent manner.

**[6]**       After Gennello became aware of my disability, she treated me differently and worse than the other employees she supervised, none of whom, to my knowledge, suffered from a disability.

**[7]**       In late 2016, I submitted a written complaint to Respondent's human resources department, informing them that I believed that Gennello was discriminating against me because of my disability.

**[8]**       In response to my complaint of disability discrimination, Respondent informed me that it investigated my complaint but concluded that I was not being discriminated against.

**[9]**       I am not aware of any such investigation, nor was I ever interviewed as part of any potential investigation.

**[10]**       Respondent also told me, in response to my complaint of disability discrimination, that it concluded that I was being too emotional in response to Gennello's harassment. Respondent even recommended that I attend counseling due to my reaction to the unlawful harassment.

**[11]**       Respondent failed to take appropriate corrective, remedial or disciplinary action as a result of my complaint.

**[12]**       Following my complaint, Gennello continued to harass me as a result of my disability.

**[13]**       In September 2017, I was issued an unfounded write up.

**[14]**      Respondent's stated reasons for the write up were attendance issues and performance issues. However, these stated reasons were false and a pretext for discrimination and retaliation. Respondent was aware that my attendance was related to my health issues. The criticism of my performance, which was vague and highly subjective, was also without legitimate basis.

**[15]**      As a result of the harassment that I was being subjected to at work, including the unfounded write up, I initiated a medical leave of absence in September 2017.

**[16]**      While out on a medical leave of absence, I requested a reasonable accommodation in connection with my disability, to be implemented upon my return to work.

**[17]**      Specifically, I requested that I be allowed to work the 9:00 a.m. – 5:30 p.m. shift, instead of the 7:00 a.m. – 3:30 p.m. shift, since the symptoms associated with my disability were more severe in the early morning. I provided Respondent with notes from two different doctors in support of my request for reasonable accommodation.

**[18]**      Respondent denied my request for reasonable accommodation without legitimate explanation.

**[19]**      On my first day back from medical leave of absence, in January 2018, I was placed on an unfounded 90-day probation.

**[20]**      Respondent's stated reasons for placing me on probation were attendance issues and performance issues. However, these stated reasons were false and a pretext for discrimination and retaliation. Respondent was aware that my

**PHRC Complaint of Connie Green**
**Page 5 of 9**

attendance was related to my health issues, and that my need to call out as a result of my health issues would increase due to Respondent denying my request for reasonable accommodation. The criticism of my performance, which was vague and highly subjective, was also without legitimate basis.

[21]     I was made of aware of the fact that I was being placed on probation verbally. Despite my repeated requests, Respondent failed to provide me with documentation of the probation, let alone any documentation justifying the probation.

[22]     In March 2018, I was informed that Jeanine Penn ("Penn") would soon become my direct supervisor, replacing Gennello.

[23]     On March 13, 2018, I sent an e-mail to human resources, notifying them that Penn had been involved in a prior discrimination lawsuit that I had pursued against a different employer and that I had concerns about possible retaliation by Penn. Penn was named in that prior federal court complaint and had her deposition taken as part of that lawsuit, which alleged race discrimination.

[24]     On March 23, 2018, I met with human resources to further explain my concerns about Penn becoming my supervisor, and specifically, my concerns that she might further discriminate against me and/or retaliate against me as a result of the prior lawsuit. On March 29, 2018, I sent another e-mail to human resources, reiterating my concerns about potential discrimination and retaliation regarding Penn becoming my supervisor, and asking them to please contact me if they needed anything further.

[25]     I am unaware of Respondent taking any preventative or other measures in order to ensure that Penn did not discriminate or retaliate against me.

**PHRC Complaint of Connie Green**
**Page 6 of 9**

[26]     Shortly after I raised concerns about Penn discriminating and retaliating against me, in April 2018, I was informed that my probation would be extended and that I would be suspended for one day.

[27]     Respondent stated that I had met all of the performance goals of the probation, but that it was being extended and I was being suspended because of alleged attendance concerns.

[28]     Respondent's stated reason for extending the probation and suspending me is false and pretextual.

[29]     Respondent was aware that my attendance was related to my health issues. Moreover, my health issues and my need to call out for the same were exacerbated by Respondent's failure to provide me with a reasonable accommodation in connection with my disability.

[30]     In June 2018, I was issued a negative and unfounded annual performance review. This was my worst review to date. The review criticized me for attendance issues, which Respondent knew were related to my disability and Respondent's failure to provide me with a reasonable accommodation. I expressed my written disagreement to the review, and reminded Respondent that my attendance was related to my health issues.

[31]     As a result of the negative annual performance review, I did not receive a salary raise. To my knowledge, other non-disabled and/or non-complaining managers received raises.

**[32]** In the early morning on October 9, 2018, prior to my shift that day, I sent an e-mail to my supervisor (Penn) and another night shift supervisor, indicating that I would not be able to make my shift that day due to my disability.

**[33]** I was terminated later that same day, October 9, 2018, effective immediately, without any further discussion or accommodation.

**[34]** Respondent's stated reason for terminating me was that I violated Respondent's attendance policy by missing that one day of work as a result of my disability.

**[35]** Respondent's stated reason is false and pretext for discrimination and retaliation.

**[36]** I found out from my coworkers that my supervisors (including Penn) announced to them that same day (October 9, 2018) that I had been terminated and that, if I showed up at work, they were to call security immediately.

**[37]** Respondent failed to engage in an interactive process. Rather, Respondent terminated me for needing a day off because of my disability.

**[38]** Respondent failed to properly investigate or remedy my complaints of discrimination and retaliation. Rather, Respondent retaliated against me as a result of me voicing my concerns.

**[39]** I was terminated for a false and pretextual stated reason as a result of my disability, my race, my complaints of discrimination and my request for a reasonable accommodation, after over four (4) years of loyal and dedicated service.

**[40]** Respondent has failed to provide me with a legitimate, non-discriminatory explanation for writing me up, placing me on probation, suspending me,

**PHRC Complaint of Connie Green**
**Page 8 of 9**

denying my request for a reasonable accommodation, subjecting me to a hostile work environment and terminating my employment.

    **B.**  Based on the aforementioned, I allege that Respondent discriminated against me and retaliated against me, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 *et seq.* ("PHRA") and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, *et seq.* ("PFPO"), including, without limitation, as set forth herein.

    **C.**  Dual Filing:

      _X_     **This charge will be referred to the EEOC for the purpose of dual filing.**

    **D.**  The Complainant prays that Respondents be required to:

        **[1]**      Make the Complainant whole.

        **[2]**      Eliminate all unlawful discriminatory practice(s) and procedure(s).

        **[3]**      Remedy the discriminatory effect of past practice(s) and procedure(s).

        **[4]**      Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

        **[5]**      Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and

correct to the best of my knowledge, information, and belief. I understand that false

statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904,

relating to unsworn falsification to authorities.

11 JAN 19

(Date Signed)                    (Signature)   Connie Green

REDACTED

# EXHIBIT B

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# AMENDED NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | **Connie Green** | From: | **Philadelphia District Office** |
|-----|------------------|-------|-----------------------------------|
|     | REDACTED |       | **801 Market Street** |
|     |  |       | **Suite 1300** |
|     |  |       | **Philadelphia, PA 19107** |

| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|------------------------------------------------------------------------------------------|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|-----------------|---------------------|---------------|
| **17F-2019-60883** | **Kurt Jung,** **State, Local and Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| [X] | More than 180 days have passed since the filing of this charge. |
|-----|----------------------------------------------------------------|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|-----|----------------------------------------------------------------|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*                                    6/17/2020

_____                    _____
**Jamie R. Williamson,**                              *(Date Mailed)*
**District Director**

Enclosures(s)

cc:    **Kevin Console Esq.**
       **(Charging Party Attorney)**

       **Temple University Hospital**
       **Julia Melle Esq.**
       **(Respondent Attorney)**

cc:     *(Sent by e-mail only: kevinconsole@consolelaw.com; julia.melle@temple.edu)*

**Kevin Console Esq.**
**Console Mattiacci Law LLC**
**1525 Liocust Street, 9th floor**
**Philadelphia, PA 19102**
**kevinconsole@consolelaw.com**

**Julia Melle Esq.**
**Temple University**
**Office of University Counsel**
**1801 N. Broad Street**
**Philadelphia, PA 19122**
**julia.melle@temple.edu**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** **--** **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** **--** **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** **--** **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** **--** **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at  http://www.eeoc.gov/laws/types/disability_regulations.cfm.